AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

Percy A. Skinner
Defendant


FILED
JUN 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Criminal Complaint

CASE NUMBER: 07-117M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about June 26, 2007 in the District of Delaware, Defendant Percy A. Skinner did knowingly:

1) possess in and affecting interstate and or foreign commerce, a firearm, after having been convicted on or about April 26, 2007 for Conspiracy Second Degree, Agreement to Aid Another Felony/ Overt Act a Felony G in the Delaware Code and on or about December 27, 2005 for Conspiracy Second Degree, Agreement to Engage in Felony Criminal Conduct also a Felony G in the Delaware Code in Superior Court in and for New Castle, in the state of Delaware, and they are crimes punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924(a)(2);

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____ - S/A - ATF
Scott C. Curley
Special Agent, ATF

Sworn to before me and subscribed in my presence,

_June 26, 2007_____  at   Wilmington, DE_____
Date                                       City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                      _____
Name & Title of Judicial Officer                          Signature of Judicial Officer

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT
## AGAINST ANTIONE L. PATRICK

1. Your affiant is ATF Special Agent Scott C. Curley. Your affiant has been a law enforcement officer for over 5 years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF). During that time, my duties have included the investigation of federal and state firearms offenses. Your Affiant has previously been a police officer and later police detective with the Pittsburgh Pennsylvania Bureau of Police from February 1992 to September 2001. During that time I was detailed as a Federally Deputized Task Force Officer to the Drug Enforcement Administration, (DEA) United States Department of Justice, from June 1997 to June 1999. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms offenses, as well as numerous conversations about the facts and circumstances of firearms offenses with the investigating officers of those firearms offenses.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

3. The seizure of all the below stated evidence occurred on June 26, 2007, in the City of Wilmington, State and District of Delaware, as stated to your affiant by Wilmington Police Detectives with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, Percy A. Skinner ("Skinner") from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony convictions on or about April 26, 2007 for Conspiracy Second Degree, Agreement to Aid Another Felony/ Overt Act a Felony G in the Delaware Code and on or about December 27, 2005 for Conspiracy Second Degree, Agreement to Engage in Felony Criminal Conduct also a Felony G in the Delaware Code, both in the Superior Court of New Castle County in the State of Delaware, and both these are crimes punishable by imprisonment for a term exceeding one year.

5. Based upon information stated to me by a Wilmington, Delaware Police Detective who has personal knowledge of the below facts your affiant learned the following.

   a. On June 25, 2007 Wilmington Police Detectives received a Delaware State Search Warrant from the Justice of the Peace Court #20 for 1316 West 4th Street, Wilmington, Delaware 19805. Wilmington Police Detectives executed this search warrant on or about 7:00 am on June 26, 2007.

b. Pursuant to that search warrant, Wilmington Police Detectives entered the residence and proceeded to secure the residence. In the process of securing the residence investigators forced open a bedroom door on the second floor of the residence and observed a black male latter identified as SKINNER and a black female later identified as Essence Cleveland lying in bed. The Wilmington police detectives stated that they appeared to have been startled awake by their entry into the room. Wilmington police detectives noticed that a dark colored handgun was in the upper left corner of the bed as they stood facing the foot of the bed. The handgun was next to SKINNER, who was lying on his stomach, next to his head within inches of his left hand. Your affiant later observed that SKINNER was left handed while he was filling paperwork at the Wilmington, Delaware Police Department.

c. Wilmington Police recovered the handgun identified as a Beretta Brand, model 92FS, 9mm Luger caliber, semi-automatic pistol with a loaded magazine with Remington Brand 9mm Luger ammunition. The serial number on the firearm had been partially obliterated but was identified as BER21208BZ.

d. In a post Miranda statement to your affiant, Essence Cleveland statement to your affiant that she had met SKINNER earlier that morning and that he had taken her to this residence to spend the night. Cleveland stated that she and SKINNER had proceeded to the bedroom. Cleveland stated to your affiant that at no time did she observe a firearm in the bed when she went to bed. Cleveland also denied that she had any knowledge of the firearm.

6. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of firearms and ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the firearm and knows that the Beretta Brand, model 92FS, 9mm Luger caliber, semi-automatic pistol, was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware would have affected interstate and/or foreign commerce prior to it's recovery by law enforcement. Furthermore the recovered firearm is a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

7. Your affiant personally viewed the ammunition, and knows that the "R-P 9mm LUGER" ammunition, was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the ammunition had crossed state lines prior to its possession in Delaware and such that the possession of that ammunition in Delaware would have affected interstate and/or forgien commerce prior to it's recovery by law enforcement. Furthermore the recovered ammunition is ammunition as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(17)(A).

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated 18 U.S.C. 922(g) and 924(a)(2) by possessing in and affecting interstate commerce ammunition, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Scott C. Curley
Special Agent, ATF

Sworn to and subscribed in my presence
this 26 day of June, 2007

_____
Honorable Mary Pat Thynge
United States Magistrate Judge
District of Delaware